# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0712** (BOR Appeal No. 2053942)
                    (Claim No. 2019006525)

**SEAN MOODIE,**
**Claimant Below, Respondent**


# MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Counsel Denise D. Pentino and Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Sean Moodie, by Counsel J. Thomas Greene Jr. and T. Colin Greene, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on October 4, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its February 6, 2019, Order and held the claim compensable for lumbar sprain/strain and herniated L5-S1 disc. The Order was affirmed by the Board of Review on July 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moodie, a coal miner, was injured in the course of his employment on September 18, 2018. The Employees' and Physicians' Report of Injury, completed that day, indicates Mr. Moodie injured his lower back when he was bent over on uneven ground and lost his footing, causing a pop in his lower back. The physician's section was completed at Wheeling Hospital Emergency Department and indicated Mr. Moodie sustained a ruptured lumbar disc.

Treatment notes from Wheeling Hospital Emergency Department the day of the injury indicate Mr. Moodie injured his lower back when he bent over on uneven ground. He reported a

1

pop in his lower back and pain down his left leg. A CT scan showed moderately advanced L5-S1 degenerative disc disease with a disc bulge and questionable disc herniation. The report of injury investigation report indicates Mr. Moodie sustained a lower back sprain/strain while at work. He bent over to flip a switch and felt a pop in his lower back. Mr. Moodie had prior back conditions. The cause of injury was listed as poor body positioning to flip a switch.

A September 20, 2018, treatment note by Ross Tennant, FNP, indicates Mr. Moodie was seen for a lower back injury that occurred at work. He reported a lower back injury ten years prior. His condition was resolved with radiofrequency ablation treatment. On examination, Mr. Moodie had reduced lumbar range of motion and tenderness on palpation. Mr. Tennant diagnosed acute lumbar strain with possible L5-S1 radiculopathy and recommended physical therapy. Mr. Moodie underwent physical therapy from September 26, 2018, until October 10, 2018. He returned to Mr. Tennant on September 27, 2018, and reported slight improvement due to physical therapy. Mr. Tennant recommended he continue the treatment.

A lumbar MRI was performed on September 28, 2018, and showed a large central disc herniation at L5-S1, compressing the thecal sac and traversing the left S1 nerve root. Mr. Moodie again sought treatment from Mr. Tennant on October 2, 2018, and reported no improvement. He still had pain in his lower back and down his left leg. He also had numbness and tingling in his left foot. Mr. Tennant diagnosed acute lumbar sprain and large central disc extrusion at L5-S1 with compression of the thecal sac and traversing the left S1 nerve root. On October 16, 2018, Mr. Moodie reported slight improvement.

The claims administrator rejected the claim on October 4, 2018. It stated that the medical notes contained conflicting information regarding how the injury occurred and that the record indicates the condition was due to non-work-related degenerative conditions.

Mr. Moodie testified in a December 27, 2018, deposition that on the day he was injured, he had to flip a switch. The switch was covered in debris, so he had to walk on the debris and dig underneath the pile of debris. His left foot slid, and he felt a pop in his lower back. Mr. Moodie stated that he immediately reported the injury to his supervisor and completed an injury report that day. He was then transported to the emergency room at Wheeling Hospital. Mr. Moodie testified that he previously experienced back pain in 2007 with no injury. He asserted that the pain he experienced was in a different area of his back than his current pain. Mr. Moodie further testified that he had no lower extremity symptoms in 2007. His pain was resolved after an ablation procedure, and he had no further symptoms until after his September 18, 2018, injury. Mr. Moodie stated that he passed a preemployment physical prior to beginning his employment.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for lumbar sprain/strain and L5-S1 herniated disc in its February 6, 2019, Order. It found that the employer argued that there are inconsistencies in the record regarding the mechanism of injury. The Office of Judges determined that Mr. Moodie's application for benefits, his testimony, and the employer's report of injury all indicate that he injured his lower back when he bent over to throw a switch and felt a pop. The Office of Judges concluded that the weight of

the evidence establishes that Mr. Moodie injured the lower back in the course of and resulting from his employment.

The Office of Judges next addressed the employer's argument that Mr. Moodie's low back symptoms are the result of preexisting low back conditions. The Office of Judges found that the record shows he developed low back pain in 2007 and underwent ablation therapy, which resolved his symptoms. At the time of his 2018 injury, Mr. Moodie had not received treatment for his lower back in ten years. Additionally, he testified that his 2007 symptoms were in a different area than his current symptoms. The Office of Judges noted that an MRI showed moderately advanced degenerative disc disease at L5-S1; however, Mr. Moodie had no symptoms for ten years preceding his compensable injury. It therefore concluded that his sudden onset of low back pain following the September 18, 2018, injury was not the result of a preexisting condition.

Regarding the compensable conditions, the Office of Judges found that Mr. Moodie underwent a CT scan as well as an MRI, both of which showed an L5-S1 herniated disc. His treating medical provider, Mr. Tennant, diagnosed L5-S1 herniated disc and lumbar strain/sprain, and Wheeling Hospital diagnosed a disc bulge. The Office of Judges found that the medical record contains no evidence refuting their opinions. Finally, the Office of Judges found no evidence that the disc bulge predated the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 19, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Moodie has shown that he sustained an L5-S1 disc herniation and a lumbar sprain in the course of and resulting from his employment. There is no evidence of record to refute the Office of Judges' findings and conclusions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison